UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD L. DAVIS,
       Plaintiff,                            Case No. 05-71102

vs.                                         HONORABLE GERALD E. ROSEN
                                                   HONORABLE STEVEN D. PEPE

AUDBERT ANTONINI, M.D.,
LAURA KINDER, R.N., RUSS, P.A.,
       Defendants.
_____/

ORDER DENYING PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL (#3)

Plaintiff Ronald Davis is a prisoner in the custody of the Michigan Department of Corrections. On March 31, 2005, he filed this action under 42 U.S.C.§ 1983 alleging deliberate indifference to his medical needs and retaliation. All pretrial matters were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A),(B). On March 31, 2005, Plaintiff filed a motion for appointment of counsel.

Plaintiff's original complaint did not document the exhaustion of administrative remedies. Magistrate Judge Whalen, who was previously handling this case, issued an order to show cause why the complaint should not be dismissed for failure to exhaust administrative remedies. (Dkt.#6, April 11,2005) Plaintiff responded by providing proof of exhaustion and Judge Whalen vacated his earlier order and ordered service of the summons and complaint. (Dkt. # 8, May 5, 2005). Thus, with the complaint supplemented with documents demonstrating exhaustion, Plaintiff's request for appointment of counsel is considered.

Under 28 U.S.C. § 1915(e)(1), a federal court may request counsel to represent an indigent plaintiff. 28 U.S.C. § 1915(e)(1); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). Appointment of counsel for indigent defendants, however, is a privilege justified only under

exceptional circumstances.  *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).  To determine whether exceptional circumstances necessitating the appointment of counsel are present, courts consider the type of case involved, the ability of the plaintiff to represent himself, the complexity of the factual and legal issues, and whether the plaintiff's claims are frivolous or have an extremely small likelihood of success.  *Id.*; *Reneer*, 975 F.2d at 261; *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985).

This Court has no funds to obtain counsel for indigent parties involved in civil litigation. The number of lawyers willing to take such cases without payment of fees is small, and this limited resource of such *pro se* attorneys is to be rationed carefully to the cases that appear to have the greatest need and the greatest likely merit.

Based on several considerations, Plaintiff's motion for appointment of counsel is DENIED. Plaintiff's complaint alleges that Defendants denied him medical care and retaliated against him for filing grievances.  The factual issues raised by Plaintiff are clear and straightforward.  Although working with another prisoner to draft his pleadings, Plaintiff has also demonstrated in his complaint that he understands the legal issues and can present these issues to a court in a satisfactory manner.  Plaintiff may refile a motion for counsel if his claims survive motions for summary judgment or dismissal.

Any party may file objections to this order within ten (10) days of service of this order pursuant to FED. R. CIV. PROC. 72(a) and Local Rule 72.1(d).

So Ordered.

Dated: June 8, 2005                                              s/Steven D. Pepe
        Ann Arbor, Michigan                                  United States Magistrate Judge

Certificate of Service

    I hereby certify that on June 08, 2005, I electronically filed the foregoing order with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Christine Campbell, and I further certify that I mailed a copy to the following non-ECF participant: Ronald Davis.

                                            s/William J. Barkholz
                                            Courtroom Deputy Clerk