UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD LAMONT DAVIS,

        Plaintiff,                       Case No. 05-CV-71102

vs.

                                               HONORABLE GERALD E. ROSEN
                                               HONORABLE STEVEN D. PEPE

AUDBERT ANTONINI, LAURA KINDER, AND
FNU RUSS,

        Defendants.
_____/

REPORT AND RECOMMENDATION

      Plaintiff filed a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 on March 21, 2005, against Audbert Antonini, Laura Kinder, and Physician's Assistant (P.A.) Russ.  The Prison Litigation Reform Act of 1995 ("PLRA"), which applies to all claims filed after April 26, 1996, requires a prisoner to exhaust all administrative remedies before bringing a federal suit regarding prison conditions.  42 U.S.C. § 1997e(a).  This requirement applies to all § 1983 claims that fall under "the definition of a 'civil action with respect to prison conditions' as set forth in 18 U.S.C.A. § 3626(g)(2)."  *Hartsfield v. Vidor*, 199 F.3d 305, 308 (6th Cir. 1999) (footnote omitted) (applying exhaustion requirement to prisoner's equal protection claim).  That section provides:

> the term "civil action with respect to prison conditions" means any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison. . . .

18 U.S.C.A. § 3626(g)(2).

Pursuant to § 1997e(a), a prisoner may not bring a civil rights action regarding prison conditions unless administrative remedies have been exhausted. The PLRA provides in pertinent part, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that the exhaustion requirement must be satisfied, so long as some responsive action is available, even if the relief sought is not available in that grievance process. *Booth v. Churner*, 532 U.S. 731, 736-40, 740 n.5 (2001). The Sixth Circuit has recently held that failure to file a grievance against any individual named in a complaint is a failure to show grievance exhaustion and requires dismissal of the suit as to all parties. *Jones Bey v. Johnson*, 407 F.3d 801 (2005).

### History

Plaintiff alleges violations of his civil rights pursuant to 42 U.S.C. §1983 under the Eighth Amendment, claiming deliberate indifference to his medical problems, claiming that he was denied pain medication and medical treatment for a back condition. He also alleges a claim of retaliation against him by medical staff for his seeking of medical treatment and for his filing of grievances. Plaintiff alleged exhaustion of his administrative remedies, attaching the following grievances (and responses at all three steps) to his affidavit (Dkt. # 7, Affidavit of Plaintiff), that he produced in response to the Court's Show Cause Order (Dkt 6) which ordered Plaintiff to show cause why his complaint should not be dismissed for failure to exhaust administrative remedies: JCF-05-01-0084-12D3 dated 12/30/04; JCF-04-12-2967-12D3 dated 12/3/04; JCF-04-12-3006-12D3 dated 12/5/04; JCF-04-12-2959-12E1 dated 12/2/04 (there is an additional grievance form that appears to have some hand writing on it, but is completely illegible). Plaintiff's

2

grievances, to the extent they are legible, grieve Dr. Antonini and a "Nurse Laura," who it can be assumed is Nurse Laura Kinder. Yet absent from the grievances is P.A. Russ, who appears as a defendant in Plaintiff's complaint. Applying the total exhaustion requirement as clarified in *Jones Bey v. Johnson*, the failure to file a grievance against Defendant P.A. Russ requires dismissal against all defendants.

### **Recommendation**

For the reasons stated above, it is RECOMMENDED that Plaintiff's complaint be dismissed for failure to exhaust administrative remedies. The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address

specifically, and in the same order raised, each issue contained within the objections.


Dated: October 31, 2005                                    s/Steven D. Pepe
Ann Arbor, Michigan                                        United States Magistrate Judge


Certificate of Service

    I hereby certify that copies of the above were served upon the parties of record by electronic means or U. S. Mail on October 31, 2005.

                                                                   s/William J. Barkholz
                                                                   Courtroom Deputy Clerk