UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD LAMON DAVIS, #223815,

        Plaintiff,                       Case No. 05-71102

vs.                                        HONORABLE GERALD E. ROSEN
                                         HONORABLE STEVEN D. PEPE

AUDBERT ANTONINI, et al.,

        Defendants.
_____/

REPORT AND RECOMMENDATION

On March 21, 2005, Plaintiff, an inmate in the custody of the Michigan Department of Corrections, filed an action accusing Defendants of violating his constitutional rights. On November 22, 2005, the Court issued an order dismissing Plaintiff's claims. Defendant filed a motion to tax costs on December 20, 2005. Plaintiff's Response was due February 14, 2006. Plaintiff has not filed a response. The motion was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

Under 28 U.S.C. § 1920, the court may tax as costs fees for court reporting, exemplification and copying. Federal Rule of Civil Procedure (Fed. R. Civ. P.) 54 (d)(1), which indicates when the taxation of costs other than attorney fees is appropriate, provides in pertinent part, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The Sixth Circuit has held that the rule creates a presumption in favor of awarding costs to the prevailing party, but grants trial courts discretion to deny costs. *See Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001) (quoting *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)).

Defendant seeks to recover $9.00 in copying fees, at a rate of ten cents per page for 90 pages. Additionally, defendants request $20.00 in docket fees pursuant to 28 U.S.C. § 1923, which permits such an award upon final hearing.

In regard to copying costs, Administrative Order 95-AO-078 permits ten cents per page to be charged for costs of copies furnished to prisoner plaintiffs. Defendant seeks costs for 90 pages of copies. Accordingly, Defendant is entitled to $9.00 for 90 pages of copies at ten cents per page.

Under 28 U.S.C. section 1923(a), $20.00 in docket fees may be recovered upon final hearing in, as here, a civil case. A decision on a summary judgment motion without a hearing qualifies as a final hearing for purposes of taxing docket fees under section 1923. *See Berryman v. Epp*, 884 F. Supp 242, 244-46 (E.D. Mich. 1995) (Duggan, J.). Therefore, Defendant should also be paid $20.00.

Because no response was filed, there is no indication whether Plaintiff is presently able to pay the $29.00 due to Defendant. Nevertheless, certain safeguards should be followed in order to prevent this taxation of costs from becoming unduly burdensome to Plaintiff. A lien should be issued against Plaintiff's prisoner account for the amount of $29.00, and this amount should be taken out if the account balance is over $50.00. If the amount to be withdrawn would cause the balance in Plaintiff's account to fall below $50.00, then no more than twenty percent of the account balance should be withdrawn in any one month to satisfy the award.

Accordingly, IT IS RECOMMENDED that Defendant's motion to tax costs in the amount of $29.00 be GRANTED in conformance with the procedure outlined above.

Any objections to this Report and Recommendation must be filed within ten (10) days of its service. 28 U.S.C. § 636(b)(1); E.D. Mich. LR 72.1(d)(2). Failure to file objections within

the specified time constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ivey v. Wilson*, 832 F.2d 950, 957-58 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

     Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: March 31, 2006                   s/STEVEN D. PEPE
Ann Arbor, Michigan                UNITED STATES MAGISTRATE JUDGE

Certificate of Service

     I hereby certify that a copy of this Report and Recommendation was served upon the attorneys and/or parties of record by electronic means or U. S. Mail on March 31, 2006.

                                               s/William J. Barkholz
                                               Courtroom Deputy Clerk